# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

Lyle W. Cayce
Clerk

No. 09-60916
Summary Calendar

ROY GARTH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CV-280

---

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Roy Garth appeals a judgment upholding the decision of an administrative law judge ("ALJ") denying his claim for Social Security disability benefits. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60916

I.

Garth was injured in an automobile accident in March 2004 in which he sustained, along with temporary spinal trauma, a displaced glanoid and scapular fracture of the left shoulder.[1] Dr. Kim Stimpson performed surgery on the shoulder, and Garth was referred to physical therapy. Throughout 2004, he visited both Stimpson and his primary physician, Dr. Ricky Parker. Both doctors told Garth his shoulder was healing and that he should "push" his range of motion during physical therapy.[2]

In March 2005, Garth complained of renewed pain and weakness in his left arm. After an MRI revealed a spur and bursitis, Stimpson performed arthroscopic surgery in early May 2005. In late May, Garth told the doctor he was doing "quite well," although his shoulder "still gives him some problems." Stimpson's report indicated that as of July 2005, Garth was "totally temporarily disabled."

In November 2005, Garth underwent a functional-capabilities evaluation ("FCE"). A physical therapist, Renee Willis, performed the evaluation and noted that Garth tolerated sitting for just 24 minutes and standing for just 18 minutes and that any use of the left arm would result in an increase in blood pressure and pain levels. She concluded that he was unable to do even sedentary work.

From December 2005 to November 2007, Garth saw doctors for a variety of reasons, including reflux, occasional gout flares in his left knee, cellulitis in his toe, and reduced strength and range of motion in his left shoulder. He told

---

[1] The emergency room report indicated Garth sustained the following traumas: cervical spine, dorsal spine, lumbosacral spine, chest, elbow, forearm, and hand. Scans and X-rays came back negative on his spine, pelvis, left hand, and arm.

[2] At various times, the doctors told Garth he was "doing better," "coming along nicely," and had an "acceptable" range of motion in his shoulder.

No. 09-60916

doctors he had "mild aching" when moving his shoulder through a limited range of motion and had trouble sleeping because of pain. He refused both prophylactic treatment for the gout and a second surgery on his shoulder. In November 2007, he told Parker that his shoulder still hurt but was controlled with Lortab.[3]

Garth applied for disability under Title II of the Social Security Act, 42 U.S.C. §§401 *et seq.*, in February 2006. His initial request was denied administratively and on reconsideration.

Before Garth's hearing with the ALJ in January 2008, Willis completed a form indicating Garth could not lift ten pounds, stand for more than about twenty minutes in a day, or sit for more than about an hour and a half and could only occasionally perform reaching, handling, fingering, or feeling. This form was based on the results of her 2005 FCE.

During the hearing, Garth contradicted the FCE, saying he could comfortably lift twenty pounds with his right arm and could use his left arm for assistance. He also contradicted the FCE on the issue of mobility, saying he could stand for an hour and sit for two hours and did not have any problems bending over, stooping, or climbing a flight of stairs.

The ALJ applied this circuit's five-step test for disability and found that Garth had impairments that did not meet or equal any qualifying impairment in 20 C.F.R. pt. 404, subpt. P, app. 1., and that he retained the residual functional ability to perform jobs he had held in the past and jobs that do not require heavy lifting. Accordingly, the ALJ found that Garth was not disabled.

Garth requested review by the Appeals Council. After considering additional evidence Garth had submitted,[4] the Appeals Council denied the re

---

[3] Garth states in the record that Lortab, a painkiller, reduced the pain in his shoulder from a "7" to a "3" (on a 1-10 scale) for four to five hours.

[4] On February 8, 2008, Parker completed the same form Willis earlier had completed.
(continued...)

No. 09-60916

quest for further review.

Garth sued in federal court pursuant to 42 U.S.C. § 405(g). The court sustained the ALJ's decision that Garth was not disabled.

## II.

The Commissioner's determination that the claimant is not disabled will be affirmed unless that determination is not supported by substantial evidence or involved an erroneous application of legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is something more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "[W]e may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir.1988)). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)).

## III.

Five requirements must be met to support a finding that a Social Security disability benefits claimant is, in fact, "disabled" and entitled to benefits.[5] *Carey*,

---

[4] (...continued)
Basing his information on Willis's FCE, which Garth contradicted in the first hearing, Parker wrote that Garth could stand for just 20 minutes and sit for 1.5 hours and was limited to only occasional reaching, handling, and the like.

[5] The five steps, in summary, provide that to be disabled, (1) the claimant must not be presently working at any substantial gainful activity; (2) he must have an impairment or combination of impairments that are severe, in the sense that they significantly limit his physical
(continued...)

4

230 F.3d at 131. "The burden of proof is upon the claimant to establish each of the first four prerequisites to finding of 'disability' under the pertinent five-part test; if claimant acquits this responsibility, burden then shifts to Commissioner to show that there is other gainful employment that claimant is capable of performing in spite of his existing impairments." *Id*. If the Commissioner satisfies the burden of showing that there is other gainful employment that the claimant is capable of performing in spite of his existing impairments, claimant must then prove he in fact cannot perform that alternate work. *Id*.

Garth offers four reasons why we should overturn the decision: (1) The ALJ gave too little weight to his primary physician's opinion, (2) the ALJ erred in determining that Garth was not credible and failed to explain why he decided that; (3) the Commissioner's decision to uphold the ALJ's finding is not supported by the evidence, and (4) the ALJ used an improper hypothetical that did not take into account the side effects of drugs that Garth was taking.

We turn first to the issue of Garth's primary physician. Garth claims that the ALJ ignored the opinion of Parker, his treating physician. Garth overlooks, however, the fact that Parker's opinion was contained on a form that was not presented at the initial hearing. Nearly a month had passed between the ALJ's decision's being issued and Parker's writing his opinion.

Despite Parker's opinion's not being available to the ALJ in the initial hearing, it was available to the Appeals Council. As stated before, this court will review the ALJ's and Appeals Council's decisions only for substantial evidence. Parker's February 8 opinion contradicted both his own treatment notes and

---

[5] (...continued)
or mental ability to do basic work activities; (3) the impairment must meet or equal an impairment listed in an appendix to the Social Security regulations; (4) the impairment must prevent the claimant from returning to his past relevant work; and (5) the impairment must prevent him from doing any relevant work, in light of his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4) (2009).

No. 09-60916

Garth's admissions to the ALJ.  Those inconsistencies are substantial evidence on which the ALJ could have based his decision.

Second, on the issue of Garth's credibility, Garth's admissions to the ALJ contradicted treatment reports from several doctors.  Garth could lift more and move better than their reports indicated.[6]  Although our role on judicial review does not include speculation on how the ALJ weighed the medical-opinion evidence, those admissions, coupled with the vocational expert's opinion, provide substantial evidence for the ALJ to rely on.

Third, we find no error by the Commissioner in upholding the ALJ's determination that Garth is not disabled.  Relying on the evidence available to him, the ALJ reached a determination that is supported by substantial evidence.

Finally, Garth asserts that the ALJ's hypothetical question regarding residual functionality was improper, because the ALJ did not take into account the side effects of Garth's prescription medication.  But the record indicates that Garth has never complained to his doctors of drowsiness or any other side effect from the medication before his hearing with the ALJ.  The ALJ pointed out to Garth that the hypothetical would not include theoretical limitations or side effects, but only those contained in the record.  On this basis, there is no error in the ALJ's decision.

AFFIRMED.

---

[6] Garth admitted, among other things, that he could climb stairs, stoop, and use his left hand as support while lifting.